IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD TURNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-2284-E-BN |
| | § | |
| AMERICAN FAMILY INSURANCE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Invoking the Court's diversity jurisdiction, Plaintiff Reginald Turner, then an inmate at the Ellis County jail, filed a *pro se* complaint for negligence, seeking millions of dollars in damages against Defendant American Family Insurance (AmFam) based on an automobile accident between Turner and an AmFam-insured motorist where AmFam's adjuster allegedly paid Turner's settlement amount to Niimon Granville, Turner's passenger, instead of to Turner. *See* Dkt. Nos. 3, 5, & 9.

United States District Judge Ada Brown referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Turner leave to proceed *in forma pauperis* under the Prison Litigation Reform Act and ordered service of his complaint under 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). *See* Dkt. Nos. 6, 7, 11-14.

AmFam then moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6). *See* Dkt. Nos. 15, 16. Turner failed to respond, and

the deadline by which to do so has passed. *See* Dkt. No. 18.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the complaint with prejudice for failure to state a claim on which relief may be granted.

## Legal Standards

In deciding a motion under Rule 12(b)(6), requesting dismissal for failure to state a claim on which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. But it is plaintiff's "burden … to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the

'courts to explore exhaustively all potential claims of a *pro se* plaintiff" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at \*1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.3d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per

curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a

motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

## Analysis

Turner's factual allegations are confusing. But they may fairly be read as his asserting a claim of negligence against a third-party liability insurer based on the insurer's alleged mishandling of a payment to Turner.

Consistent with *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

Under Texas law, the elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

As to the duty element in the context of this case, "[u]nder Texas law, an insurer owes a duty of good faith in handling its insured's own claim of loss." *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, 709 F.3d 515, 520 (5th Cir. 2013) (quoting *Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co.*, 341 F.3d 415, 425 (5th Cir. 2003)).

But the facts alleged by Turner reflect that he was not AmFam's insured – he is instead a third party to the insurer.

In this regard, "[t]here exists no statutory cause of action for breach of the duty of good faith and fair dealing in the context of an insurer's handling of a third-party claim. The only previously recognized common law claim is for breach of the duty to

settle a third-party claim within policy limits." *Id.* at 521 (citing *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544 (Tex. Comm'n App. 1929, holding approved)); *see also 15625 Ft. Bend Ltd. v. Sentry Select Ins. Co.*, 991 F. Supp. 2d 932, 939 (S.D. Tex. 2014) (In Texas, "[a] third[-]party liability insurer's common law duty is limited to that set forth in *G.A. Stowers Furniture Co. v. Am. Indemnity Co.*, … to protect the insured by accepting a reasonable settlement offer within the policy limit that an ordinarily prudent insurer would accept in view of the likelihood and degree of the insured's potential exposure to an excess judgment.").

Turner therefore fails to allege facts to support a claim of negligence against AmFam.

And dismissal under Rule 12(b)(6) is proper because Turner has not "frame[d] a 'complaint with enough factual matter (taken as true) to suggest' that … [he] is entitled to relief." *Robbins*, 519 F.3d at 1248.

Leave to amend is also not necessary at this stage. Turner was already allowed leave to amend his claims. He then failed to respond to the motion to dismiss. And the analysis set out above reflects that leave to amend the negligence claim would be futile. *See Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) ("If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022))).

## Recommendation

The Court should grant the motion to dismiss for Plaintiff Reginald Turner's

failure to state a claim on which relief may be granted and dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 8, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE